IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:07-cr-00482-TLW-2 |
| v. | **Order** |
| Brandon Lee Archie Ponds | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release.[1] PSR ¶¶ 107, 112; ECF No. 140. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 262–327 months (34/VI), followed by 10 years of supervised release. PSR ¶¶ 108, 115; ECF No. 140. The Court imposed a 262-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 139. The

---

[1] At sentencing, the Government withdrew all but one of the § 851 enhancements, which resulted in these statutory penalties.

Court later reduced his sentence to 156 months imprisonment pursuant to a Rule 35(b) motion. ECF No. 189. BOP records reflect that he was released from custody on January 30, 2018.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

The Government takes the position that Defendant is not eligible for relief under the First Step Act because the crack weight for which he was held accountable at sentencing—4,458.68 grams—exceeds the current § 841(b)(1)(A)(iii) threshold of 280 grams. The Government asserts that if the Fair Sentencing Act had been in effect when he committed the offense of conviction, the Government would have charged the current § 841(b)(1)(A)(iii) threshold amount. *See* ECF No. 287 at 5–6. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which

were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

In Defendant's motion, he requests a full resentencing hearing in which he would seek to challenge the continued validity of the § 851 enhancement and his career offender designation. *See* ECF No. 282 at 3. The Government argues that he is not entitled to a full resentencing. *See* ECF No. 287 at 8–10.

Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to

this section." The Government argues that even if the Court concludes that he is eligible for relief, the Court should exercise its discretion to not reduce his sentence because the Government would have charged him with the current threshold amount if the Fair Sentencing Act had been in place when he committed the offense of conviction. *See* ECF No. 287 at 7. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (4,458.68 grams) that would have supported a charge to the current threshold amount (280 grams); (2) he remains a career offender; (3) he has numerous prior drug possession and distribution convictions; (4) he has two prior assault convictions; and (5) he would be in a criminal history category VI even without the career offender enhancement.[2] For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 282, is

---

[2] Defendant is also currently facing a supervised release revocation hearing for multiple serious alleged violations. These alleged violations did not factor into the Court's decision on this motion because it has not yet been established that he committed these violations.

therefore **DENIED**.

       **IT IS SO ORDERED.**

                                           *s/ Terry L. Wooten*
                                           Terry L. Wooten
                                           Senior United States District Judge

December 12, 2019
Columbia, South Carolina